**BOARD OF EDUCATION OF TERRACE PARK,**
**Plaintiff-Appellant, v. GUCKENBERGER, Aud. et,**
**Defendant-Appellees.**

Ohio Appeals, First District, Hamilton County.

No. 7454.   Decided May 8, 1951.

338

Robert G. McIntosh, Cincinnati, for appellant.
Robert L. Black, Jr., Cincinnati, for appellees.

## OPINION

By THE COURT:

In this appeal, on questions of law and fact, the facts are stipulated.

A portion of the Village of Indian Hill lies within the boundaries of a local school district, known as the Terrace Park School District, which school district includes all of the Village of Terrace Park as well as other territory not included within the boundary of any other municipality. The residents of such portion of Indian Hill, pursuant to the provisions of §4831-15 GC, initiated an election, resulting in a vote in favor of detaching such area within the Village of Indian Hill from the Terrace Park local School District, and including the same within the School District of Indian Hill.

"**The Board of Education of Terrace Park**" filed a petition in which it is stated that the plaintiff "is the duly elected, organized, and acting Board of Education of **the Village of Terrace Park, Ohio** (emphasis added); that said Board of Education is a local board of education under the law."

In the petition, after alleging the facts herein previously stated, it is alleged that the transfer of the area covered by the election is about to be transferred according to §4831-15 GC, and the petition prays for an injunction against such transfer, it being alleged that there is no authority in law for such election and transfer.

Reference to §4831-15 GC, shows that a remedy other than that provided for in §4831-14 GC, is accorded to school districts described in §4831-15 GC. That such districts might have other alternative remedies is beside the point. Obviously, §4831-14 GC, does not afford such remedy to the districts herein involved, for they are not described therein. The language of §4831-15 GC, is peculiarly significant:—"In addition to—and supplementary to the provisions of §4831-14 GC." The instant situation is one certainly in addition to the remedy provided for in §4831-14 GC. It is

manifest that the legislature contemplated an alternate and additional procedure where school districts containing two municipalities were involved. Obviously, the municipalities as such could not overlap each other, hence, it is clear that the legislature had in mind the very situation here involved, that is, where a local school district including a municipality also included the area of **another municipality**. Although the transfer of territory could be accomplished by use of the provisions of other sections of the code, the legislature deemed it wise (and with its wisdom courts have no concern) to provide an alternative remedy. It must be admitted that the legislature could have employed a better designation of the school districts involved, but it seems clear that the situation here involved falls within the contemplation of the legislative intent, and it is the duty of this court to give effect to such intent, if it is possible so to do, without deleting employed terms, or inserting that which has not been written. **Wachendorf v. Shaver, 149 Oh St, 231.**

Reference to the definitions of "Local School District" §4830-1 GC, and §4830-2 GC, "Exempted Village School District" §4830-7 GC, indicates that these school districts fall within the meaning of the terms used in §4831-15 GC, "which is a part of a school district of another municipality."

It will be noted in reading §4830-1 GC, that a school district, including a City, is defined as a City School District, and becomes a local school district when the City becomes a Village. So that a school district of another municipality could be either one including a city or a village.

As previously noted, it is perfectly obvious that a restricted meaning of such terms would render the section futile for any purpose because it is manifest that a school district of a municipality, if limited to its territorial boundaries, could not extend into another municipality.

Although the language employed in §4831-15 GC, might not be extended to school districts not including municipalities within their territorial limits (which we do not hold) and so result in advantage of alternate remedy to one area not accorded another, such so-called discrimination by the legislature is not ground for denying a specific right definitely accorded by legislative enactment to areas selected by that body. It should be noted also that there is no discrimination in any class of districts, but rather between classes of districts.

In closing, it is interesting to note the designation of the plaintiff contained in the petition and previously quoted, and

that while it is stated in the petition that it is a local board of education, that still the plaintiff is "The Board of Education of the Village of Terrace Park," not the Board of Education of the School District of Terrace Park.

A decree similar to that of the trial court may be presented in this Court, and the temporary restraining order of this Court dissolved.

HILDEBRANT, MATTHEWS & ROSS, JJ, concur.